UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DAMON DAVENPORT, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 24-201-DCR |
| ) | |
| v. ) | |
| ) | |
| ALEXANDER MAY, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*** *** *** ***

Plaintiff Damon Davenport has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] His motion to proceed *in forma pauperis* was granted by prior Order. [Record No. 6] The Court now reviews the Complaint prior to service of process and will dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the proceedings, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

This is the third civil case filed by Davenport regarding the claims he seeks to assert. The first case was dismissed because Davenport completed only the first half of the Complaint form, did not sign it, and did not pay the filing fee. *See Davenport v. May*, No. 5: 24-CV-176-CHB (E.D. Ky. July 3, 2024) (*Davenport I*). Days later, Davenport filed a second Complaint. In that case, Davenport filed a motion to proceed *in forma pauperis*, as he was directed to do,

-1-

and signed his Complaint. However, he completed only the second half of the form. It appears that Davenport intended that his second half-complaint would be considered along with the first half-Complaint he had previously submitted in *Davenport I*. But noting that Davenport had not expressly indicated as much, that case was dismissed as well. *See Davenport v. May*, No. 5: 24-CV-186-KKC (E.D. Ky. July 3, 2024) (*Davenport II*).

Davenport's current Complaint consists primarily of legal claims supported by only a limited and vague statement of the underlying facts. Therefore, the Court takes judicial notice of Davenport's prior court submissions to present a clearer picture of the alleged facts upon which his claims are based.[1] In the first Complaint, Davenport indicated that in September 2023 officers Alexander May and Alex Freeman of the Lexington Police Department ("LPD") were dispatched to his home to investigate a reported disturbance. Davenport told the officers that he was the victim of an assault by his wife's paramour. However, the officers apparently believed his wife's assertion that Davenport was the aggressor. [*See* Record No. 1 therein at 2-3.] Davenport was not detained at that time. The officers told his wife that she should file for an emergency protective order.

LPD Detective Franklin Eply then began investigating the case. Davenport alleges that Eply did not follow unspecified LPD procedures in doing so. *Id*. at 3. He further asserts that one month later the boyfriend filed charges against him with LPD, alleging that Davenport had stabbed him with a knife. Davenport complains that Eply disregarded his efforts to file charges

---

[1] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

against his wife and her paramour. In addition, Eply allegedly did not conduct any further investigation of the crime scene. *Id*. at 3-4.

In October 2023, and with the signed approval of FPD Supervisor Detective Matthew Silver, Eply filed criminal charges against Davenport for attempted murder, assault, and burglary.[2] Davenport contends that Commonwealth Attorney Traci Canner pursued the case without conducting an adequate investigation. He further alleges that Canner is prosecuting his wife for welfare fraud, which he claims is a conflict of interest. *Id*. at 4.

In his current Complaint, Davenport first asserts that the LPD officers violated his due process rights under the Fifth and Fourteenth Amendments by failing to adhere to LPD policies and guidelines. However, he does not identify the policies or explain how they were violated. [Record No. 1 at 2-4] Instead, Davenport states that the policies are attached to the Complaint as Exhibits A-E, but no such exhibits are attached to the current Complaint or any of its predecessors.

Second, Davenport asserts that Canner engaged in prosecutorial misconduct, malice, and vindictiveness, although he provides no factual basis or explanation for that claim. [Record No. 1 at 4-5] Third, Davenport claims that Canner engaged in prosecutorial misconduct during the first grand jury proceeding by preventing him from attending it in person. He also alleges that during the second grand jury proceeding Canner prevented him from presenting evidence, failed to give jury instructions on lesser included offenses, and presented perjured testimony. *Id*. at 5-6. Fourth, Davenport contends that Canner labored

---

[2] https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=24-CR-00014&caseTypeCode=CR&client_id=0 (last accessed December 5, 2024).

under a conflict of interest because she was also prosecuting his wife in a separate welfare fraud prosecution. [Record No. 1 at 6] Fifth, Davenport argues that Canner failed to disclose exculpatory evidence and failed to comply with his speedy trial rights. [Record No. 1 at 6-7] And sixth (errantly labeled as a second Count V), Davenport contends that the grand jury was tainted because it did not contain a fair cross section of the community. *Id*. at 7.

Davenport claims violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Universal Declaration of Human Rights, and a handful of Supreme Court decisions, Kentucky statutes, and Kentucky Rules of Criminal Procedure. [Record No. 1 at 8] For relief, Davenport seeks substantial monetary damages and dismissal of state criminal charges. *Id*. at 12.

After reviewing the Complaint and supporting materials, the Court will dismiss this action without prejudice as procedurally improper and prematurely brought. Procedurally, the dismissal of criminal charges or convictions is not a remedy Davenport can obtain in a civil rights proceeding; he must seek that relief by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Further, Davenport's demand for damages based upon asserted violations of his civil rights is premature in light of his recent criminal convictions:

> A state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, as a result of the events described in his Complaint, Davenport was charged with attempted murder, assault, and burglary. In June 2024, shortly before he filed his Complaint, Davenport filed a *pro se* motion in that case to dismiss the charges against him, asserting many

of the same grounds that he asserts in his civil action. The Fayette Circuit Court denied that motion in August 2024. In October 2024, Davenport pleaded guilty to the assault and burglary charges, and a criminal judgment was entered against him. Davenport cannot now pursue civil rights claims that would impugn his criminal convictions unless and until those convictions are invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Accordingly, it is hereby

**ORDERED** as follows:

1. Davenport's Complaint [Record No. 1] is **DISMISSED**, without prejudice.

2. This matter is **STRICKEN** from the docket.

Dated: December 9, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky